## RICHARD H. WIGHT *v.* JOHN McCLAVE.

By an adjournment of a cause, without the consent of parties or in their absence for a period not allowed by law, the Marine Court loses jurisdiction.

Where, on appeal from a judgment of the Marine Court, it appeared, that after the trial in that court commenced and witnesses were examined, the case was adjourned for nine days, at the expiration of which the judge was prevented by sickness from attending, and the return did not state by whom nor in what manner the cause was continued, otherwise than that "it appeared by the records of the court" that the case was adjourned from the last adjourned day for the time of four days, and again repeatedly afterwards, and finally again for seven days—it not appearing that either of the parties was present at any adjournment except the first two, nor that any consent was given; *held,* that that court had lost jurisdiction, and that a judgment rendered upon proofs produced by the plaintiff, *ex parte,* after the day last named, was erroneous.

THIS action was commenced in the Marine Court, by a summons returnable December 28, 1853. On that day the parties appeared and progressed in the trial of the cause, examining several witnesses for the plaintiff, when an adjournment was taken to January 6, 1854. The return stated that the justice did not proceed on the day last mentioned, in consequence of his illness; and he certified that he had no present recollection or knowledge as to the subsequent adjournments or the attending facts and circumstances, but that he found, upon an examination of the records of the court, that the cause was adjourned to January 10th, thence to the 12th of the same month, thence to the 19th, thence to the 23d, thence to the 26th, thence to the 28th, and thence to the 4th of February, when the plaintiff introduced further testimony and took judgment for $452 81, from which the defendant brought this appeal.

*Horace Dresser,* for the defendant.

*Solomon B. Noble,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—This case is submitted upon the return, and counsel for neither party have thought proper

to submit any points, or to assist this court in the examination of the numerous statutes relating to the Marine and Justices' Courts in the city of New York, relating to their mode of proceeding and power to adjourn, etc.

In *Redfield* v. *Florence*, decided at the January general term, 1854 (2 E. D. Smith, 339), we held that where a cause had been once adjourned by a justice by consent for ten days, a subsequent adjournment without consent and in the absence of the parties was erroneous, and that the jurisdiction of the court was lost thereby.

In *Aberhall* v. *Roach* (*a*) we agree in holding at this present term that when the trial has commenced before the justice of one of the district courts, and an adjournment is ordered—the cause having been previously adjourned—against the will of the defendant, on the plaintiff's motion, for thirteen days, the further proceedings are void, the defendant not thereafter appearing.

We do not find any authority in the Marine Court to suspend a trial, as was done in the present case, and adjourn for nine days, unless both parties expressly consent thereto. (2 Rev. L. p. 386, §§ 122, 123, 124, 127 ; p. 383, § 109 ; p. 370, §§ 87, 89, 91, 92.) The defendant was no doubt willing that a discontinuance should be had by that proceeding, and had no motive to object to it. It does not appear that either party sought the adjournment; and if not, and there was not time to finish the trial on the day on which it was begun, it should have been continued on the next court day.

But if it were assumed that the parties consented, or by not objecting are to be deemed to assent, the subsequent adjournments when neither of the parties appeared did not give jurisdiction.

By whom the adjournment was ordered—for what reason—on whose application—and who attended, does not appear by the return ; and the judge before whom the trial was commenced certifies that he has no knowledge on the subject, save

---

(*a*) *Post*, decided at the present term.

that the short entry is made in the records that the cause was adjourned to the successive days named.

If we may assume that the adjournment was made by the clerk of the court in the absence of the judge, and that the parties or one of them attended, then the adjournment under § 109 (2 Rev. L. 383) should have been to the next court day; and if the act of 1840, chap. 140 (2 Rev. St. 4th ed. § 45) applied to the Marine Court, then he could not adjourn at one time for a period exceeding six days without mutual consent; and it appears by the return that two of the adjournments here were for seven days.

While we regret that counsel do not think the case is of sufficient importance to induce them to furnish the court with a reference to the provisions of our statutes upon which they rely, and which are to be sought in numerous acts, extending through a long period of years, we feel constrained to say, upon the best examination we have been able to give the subject, that the judgment cannot be sustained. The judgment must be reversed with costs.

Judgment reversed.